# IN THE COURT OF APPEALS OF IOWA

No. 17-0290
Filed May 17, 2017

**IN THE INTEREST OF E.M.,**
**Minor Child,**

**I.M., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A mother appeals from the juvenile court's order terminating her parental rights. **AFFIRMED.**

Jane M. White of Jane White Law Office, Des Moines, for appellant mother.

Thomas M. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

Michael R. Sorci of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals from the juvenile court's order terminating her parental rights to her child. She argues the State failed to prove the statutory grounds for termination by clear and convincing evidence and termination is not in the child's best interests.

E.M. is the mother's fifth child. He was born in May 2016. The mother has a history of involvement with the Iowa Department of Humans Services (DHS) and has been receiving services through them since as early as 2008 and 2009. She has previously had her parental rights terminated with regard to two of her older children and the other two children have had guardianships established for them with their maternal grandmother.

The mother has a lengthy history of significant criminal activity, substance-abuse problems, and mental-health issues. Due to her history and her use of marijuana and cocaine during her pregnancy with this child, the juvenile court entered a temporary removal order after the child was born. Thereafter, the mother hid the child from DHS for almost two weeks, attempting to avoid his removal from her care and custody. Eventually, the child was found and placed in family foster care. In June 2016, the court adjudicated E.M. a child in need of assistance (CINA).

In February 2017, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2016).[1] We review

---

[1] In her petition, the mother complains the juvenile court should not have terminated her parental rights under Iowa Code section 232.116(1)(b) because she did not abandon or desert her child. Upon review of the juvenile court's order, we conclude the court did not terminate the mother's parental rights pursuant to section 232.116(1)(b); instead, the

termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

Iowa Code section 232.116(1)(h) provides the court may terminate parental rights if the court finds the State has proved by clear and convincing evidence the child (1) is three years old or younger; (2) has been adjudicated CINA; (3) has been removed from the physical custody of the parent for at least six of the last twelve months, or the last six consecutive months and any trial period at home has been less than thirty days; and (4) cannot be returned to the parent's custody at the time of the termination hearing.

At the time of the combined permanency review and termination hearing, E.M. was nine months old. He was removed from his mother's physical custody in May 2016 when he was only a few weeks old and has not had any trial periods at home. The juvenile court adjudicated the child CINA in June 2016. The mother was incarcerated pending criminal charges at the time of the combined permanency review and termination hearing and was clearly unable to assume custody of her child at that time. For these reasons, we affirm the juvenile court's order finding the State proved the grounds for termination under section 232.116(1)(h) by clear and convincing evidence.

---

order terminates the parental rights of "any unknown and putative fathers" under that paragraph.

Next, we consider whether termination is in this child's best interests under section 232.116(2). *See In re M.W.*, 876 N.W.2d at 219–20. We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "Insight for the determination of a child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing." *In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (quoting *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000)).

As noted above, the mother has a significant history of mental-health and substance-abuse issues. Since this case began, she has not consistently engaged in treatment for either of these concerns. In fact, the mother attempted inpatient treatment approximately one month before the termination hearing began but voluntarily left the program within two weeks. Throughout the pendency of this case, she has not had stable housing or employment, has been in and out of jail, and has been inconsistent in engaging in visitation with her child.

Unfortunately, the mother has had a difficult life and very little support. She loves her child and wants what is best for him. But we cannot ask this child to continuously wait for his mother to become a stable parent. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010); *see also In re A.B.*, 815 N.W.2d at 778 ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re*

*C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))). Termination is in this child's best interests.

Finally, the mother appears to also argue the juvenile court should have granted her additional time to work toward reunification with her child. Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."

We must now view this case with a sense of urgency. *See In re C.B.*, 611 N.W.2d at 495; *see also In re A.B.*, 815 N.W.2d at 777 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010))). "[A]t some point, the rights and needs of the child[] rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). This child needs and deserves permanency and stability. *See In re D.W.*, 791 N.W.2d at 707. Based upon our de novo review of the record, we are not persuaded the need for removal would no longer exist at the end of six months. *See* Iowa Code § 232.104(2)(b).

Accordingly, we affirm the juvenile court's order terminating the mother's parental rights to her child.

**AFFIRMED.**